# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JOHN LAMONTE**                                    **CIVIL ACTION**

**VERSUS**                                          **NO. 13-4836**

**CAROLYN W. COLVIN, ACTING COMMISSIONER**    **SECTION: "G"(1)**
**SOCIAL SECURITY ADMINISTRATION**

## ORDER AND REASONS

Before the Court are Plaintiff John Lamonte's ("Plaintiff") objections[1] to the January 21,

2014 Report and Recommendation of the United States Magistrate Judge assigned to the case.[2]

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of Defendant

the Acting Commissioner of the Social Security Administration (the "Commissioner") denying his

claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under

Titles II and XVI of the Social Security Act (the "Act").[3] The parties filed cross-motions for

summary judgment.[4] The Magistrate Judge recommended that Plaintiff's motion for summary

judgment be denied and the Commissioner's cross-motion be granted.[5] Plaintiff objects, requesting

that the case be reviewed *de novo* and the claim be remanded to the Administrative Law Judge

("ALJ") for a new hearing.[6] Having considered Plaintiff's objections, the cross motions for summary

judgment, the Magistrate Judge's Report and Recommendation, the record, and the applicable law,

---

[1] Rec. Doc. 16.

[2] Rec. Doc. 15.

[3] Rec. Doc. 1.

[4] Rec. Docs. 12 and 14.

[5] Rec. Doc. 15 at 25.

[6] Rec. Doc. 16.

for the following reasons the Court will overrule Plaintiff's objections, adopt the Magistrate Judge's Report and Recommendation and dismiss this action with prejudice.

## I. Background

### A. Procedural History

On July 21, 2011, Plaintiff filed an application for DIB and SSI under Titles II and XVI of the Act,[7] alleging a disability onset date of June 13, 2011.[8] Plaintiff alleged disability due to acute moderate cervical, thoracic and lumbar strains, pain in the neck, upper and lower back, headaches, and pain and numbness in the right arm.[9] After his application was denied by the Commissioner, Plaintiff requested a hearing before an ALJ, which was held on March 27, 2012.[10] Plaintiff and his wife, Jennifer Lamonte, testified at the administrative hearing.[11]

On April 12, 2012, the ALJ issued a decision denying Plaintiff's applications for benefits.[12] The ALJ analyzed Plaintiff's claim pursuant to the five-step sequential evaluation process.[13] At step

---

[7] 42 U.S.C. §§ 405(g), 423, 1381(a).

[8] Adm. Rec. at 116–29.

[9] *Id.* at 144.

[10] *Id.* at 29–47.

[11] *Id.*

[12] *Id.* at 7–28.

[13] The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id.* §§ 404.1520(c), 416.920(c).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed

one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.[14] At step two, the ALJ concluded that Plaintiff has the following medically determinable impairments: "cervical and lumbar sprain/strain."[15] At step three, the ALJ held that Plaintiff did not have severe impairment or combination of impairments.[16] Therefore, the ALJ concluded that Plaintiff had not been under a disability, as defined by the Act, from June 13, 2011, through the date of the ALJ's decision.[17]

Alternatively, the ALJ continued the sequential evaluation process noting that even if the alleged impairments were severe, a finding of not disabled would still be required.[18] At step two, the ALJ found that Plaintiff had the following severe impairments: "cervical sprain/strain and lumbar sprain/strain."[19] At step three, the ALJ held that Plaintiff did not have an impairment that meets or

---

impairment, he or she is considered disabled without consideration of vocational evidence. *Id.* §§ 404.1520(d), 416.920(d).

　　Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id.* §§ 404.1520(e), 416.920(e).

　　Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education, and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id.* §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to a claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id.* § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969.

[14] Adm. Rec. at 12.

[15] *Id.*

[16] *Id.*

[17] *Id.* at 16

[18] *Id.*

[19] *Id.*

medically equals the severity of one of the listed impairments under the regulations.[20] At step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform full range medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c).[21] The ALJ concluded that Plaintiff could perform his past relevant work as a lead carpenter and, likely, as a self-employed janitor cleaner.[22] Therefore, the ALJ determined that Plaintiff was not disabled and denied his application.[23]

The ALJ's decision became the final decision of the Commissioner for purposes of this Court's review after the Appeals Council denied review on May 2, 2013.[24] On June 18, 2013, Plaintiff filed a complaint seeking judicial review pursuant to Section 405(g) of the Act,[25] and this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B). On September 23, 2013, the Commissioner answered the complaint.[26]

On October 30, 2013, Plaintiff filed a motion for summary judgment and memorandum in support.[27] Plaintiff argued that the ALJ erred: (1) in his evaluation of the opinions of Dr. Nicholas Cefalu and Dr. Kenneth Vogel; (2) in his evaluation of Plaintiff's credibility; (3) in his finding that

---

[20] *Id.*

[21] *Id.*

[22] *Id.* at 22.

[23] *Id.* at 23–24.

[24] *Id.* at 1–4.

[25] Rec. Doc. 1.

[26] Rec. Doc. 10.

[27] Rec. Doc. 12.

Plaintiff does not have a severe impairment; and (4) in determining Plaintiff's RFC.[28] On December 17, 2013, the Commissioner filed a cross-motion for summary judgment and memorandum in support.[29]

### B. Report and Recommendation Findings

The Magistrate Judge issued her Report and Recommendation on January 21, 2014.[30] The Magistrate Judge noted that the ALJ accorded no weight to the medical opinion of Dr. Cefalu and little weight to the opinion of Dr. Vogel.[31] She opined that Dr. Vogel was not a treating specialist because he only evaluated Plaintiff on October 31, 2011 and November 21, 2011, and there was no longitudinal relationship between Dr. Vogel and Plaintiff.[32] The Magistrate Judge noted that there were no records of Plaintiff's treatment by Dr. Cefalu except Dr. Cefalu's September 22, 2011 report.[33] The September 22, 2011 report referred to prior treatment, but the Magistrate Judge concluded that the record did not present the longitudinal relationship required for consideration of Dr. Cefalu as Plaintiff's treating physician.[34]

The Magistrate Judge noted that the ALJ accorded no weight to Dr. Cefalu's opinion because it was inconsistent with the objective medical evidence.[35] She found substantial evidence to support

---

[28] Rec. Doc. 12-2.

[29] Rec. Doc. 14.

[30] Rec. Doc. 15.

[31] *Id.* at 13.

[32] *Id.* at 14.

[33] *Id.*

[34] *Id.* at 15.

[35] *Id.*

the ALJ's description of the objective medical evidence, and concluded that the ALJ was free to reject Dr. Cefalu's opinion based on the conflict between the objective medical evidence and Dr. Cefalu's opinion.[36] The Magistrate Judge noted that the ALJ accorded little weight to Dr. Vogel's opinion because it was inconsistent with the objective medical evidence.[37] She concluded that the ALJ was free to reject Dr. Vogel's opinion based on the conflict between the objective medical evidence and Dr. Vogel's opinion.[38] The Magistrate Judge noted that Drs. Cefalu and Vogel also opined that Plaintiff was unable to return to work. However, the Magistrate Judge found that the ALJ was free to reject these opinions because they concern an issue reserved to the Commissioner and are not medical opinions.[39] She rejected Plaintiff's contention that the ALJ's characterization of the objective medical evidence was an improper substitution of his lay opinion for the opinions of Drs. Cefalu and Vogel, opining that the ALJ properly engaged in resolving conflicts in the evidence.[40]

The Magistrate Judge rejected Plaintiff's argument that the ALJ erred in describing the opinion of a single decision maker ("SDM"), Paul Robertson.[41] The Magistrate Judge rejected Plaintiff's argument that the ALJ gave any weight to the opinion of the SDM.[42] Finally, the Magistrate Judge rejected Plaintiff's argument that the ALJ failed to evaluate the opinion of Dr.

---

[36] *Id.* at 17.

[37] *Id.*

[38] *Id.*

[39] *Id.* (citing *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003)).

[40] *Id.* at 18.

[41] *Id.* at 19.

[42] *Id.* at 20.

Anthon, noting that the ALJ thoroughly described Dr. Anthon's opinion in his decision.[43]

The Magistrate Judge rejected Plaintiff's second claim that the ALJ erred in evaluating Plaintiff's credibility.[44] She noted that the ALJ provided four specific reasons for the finding of credibility: (1) no objective evidence pointed to Plaintiff's severe complaints; (2) the evidence demonstrated a nomogenic impetus for exaggerating the claims of pain, namely the involvement of a personal injury attorney; (3) Plaintiff's earnings were sporadic; and (4) the lack of more aggressive treatment or evidence of a genuine effort to identify more effective treatment.[45] Accordingly, the Magistrate Judge concluded that the ALJ's evaluation of Plaintiff's credibility was not contrary to law and was supported by substantial evidence.[46]

The Magistrate Judge rejected Plaintiff's argument that the ALJ erred in his finding that Plaintiff does not have a severe impairment.[47] The Magistrate Judge opined that this argument was moot because the ALJ completed the sequential analysis based on an alternative finding of a severe impairment.[48]

Finally, the Magistrate Judge found that the ALJ did not err in determining Plaintiff's RFC.[49] The Magistrate Judge noted that the ALJ cited Plaintiff's lack of credibility and the inconsistencies

---

[43] *Id.* at 21.

[44] *Id.*

[45] *Id.* at 23–24.

[46] *Id.* at 24.

[47] *Id.*

[48] *Id.*

[49] *Id.* at 25.

between the opinions of Drs. Cefalu and Vogel and the objective medical evidence.[50]

## II. Objections

### A. Plaintiff's Objections

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation on January 30, 2014.[51] Plaintiff argues that the ALJ was not permitted to find that the objective evidence revealed minor problems.[52] He asserts that "the record does not contain evidence or opinion from another physician who reviewed the MRIs and examined or treated Lamonte and came to conclusions contrary to Dr. Cefalu's and Dr. Vogel's conclusions that Lamonte had serious signs and symptoms caused by abnormalities shown on the MRIs."[53] Therefore, Plaintiff argues that "by finding only minimal findings on the MRIs, the ALJ substituted his own lay assessment for the physicians' medical expertise."[54]

Plaintiff objects to the Magistrate Judge's finding that Drs. Cefalu and Vogel are not treating physicians due to lack of longitudinal relationship.[55] He argues that longitudinal relationship is not part of the definition of treating source, but instead is the reason that a treating source's opinions are entitled to greater weight than non-treating sources.[56] Plaintiff contends that Dr. Cefalu is a treating source under 20 C.F.R. §§ 404.1502, 416.902 because he treated Plaintiff for four months,

---

[50] *Id.*

[51] Rec. Doc. 16.

[52] Rec. Doc. 16-1 at 2.

[53] *Id.* at 3.

[54] *Id.* (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)).

[55] *Id.* at 4.

[56] *Id.* (citing 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)).

performing examinations, reviewing treatment records, prescribing pain medications and muscle relaxants, and reviewing MRIs.[57] Plaintiff argues that Dr. Vogel is a treating source, even though he only evaluated Plaintiff two times within three weeks, because such frequency of evaluation is typical for a surgical evaluation.[58]

Alternatively, Plaintiff argues that even if Drs. Cefalu and Vogel are not treating physicians, their opinions must still be evaluated under 20 C.F.R. §§ 404.1527(c) and 416.927(c).[59] Plaintiff contends that Dr. Vogel diagnosed him with "Herniated Cervical Disc vs. Segmental Cervical Instability and Herniated Lumbar Disc vs. Segmental Lumbosacral Instability."[60] He argues that an ALJ "cannot reject the diagnosis of a physician, even if he does not meet the test for controlling weight, absent other medical evidence or opinion proving his opinion wrong, since §§ 404.1527(c), 416.927)(c) require more weight be accorded to a physician who has examined the person, treated him, who is a specialist, and whose opinion is supported by the record."[61] He argues that there is no evidentiary basis for the ALJ's finding that he suffers from sprains/strains rather than herniated discs or segmental instability because the ALJ "was not permitted to reject the medical evidence consisting of Dr. Vogel's and Dr. Cefalu's examinations revealing multiple abnormalities that they stated were caused by the abnormalities shown on the MRIs."[62] He contends that the Magistrate Judge incorrectly characterized the issue "as a conflict between the objective evidence and Dr.

---

[57] *Id.*

[58] *Id.* at 5.

[59] *Id.*

[60] *Id.* (citing Adm. Rec. at 291).

[61] *Id.* (citing *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000)).

[62] *Id.* at 6.

Cefalu's and Dr. Vogel's medical opinions and characterizations of the evidence."[63]  Instead, Plaintiff argues that "the actual conflict is between these doctors' medical conclusions about the correlation of Lamonte's symptoms with the MRI results and the ALJ's lay conclusions about the MRI results."[64] Therefore, he asserts that the ALJ's rejection of Dr. Vogel's diagnosis is a legal error that requires reversal.[65]

Plaintiff acknowledged that Drs. Vogel, Cefalu and Anthon's opinions that Plaintiff cannot work are opinions reserved to the Commissioner.[66] Plaintiff notes that the Fifth Circuit in *Frank v. Barnhart* cited 20 C.F.R. § 404.1527(e) for the premise that the ALJ is free to reject opinions on issues reserved to the Commissioner.[67] However, Plaintiff contends that the Commissioner had misinterpreted 20 C.F.R. § 404.1527(e) and asserted the ALJ "is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner."[68]

Plaintiff objects to the Magistrate Judge's finding that the ALJ evaluated Dr. Anthon's opinion.[69] He acknowledges that the ALJ summarized Dr. Anthon's opinion, but he argues that the ALJ did not weigh the opinion under 20 C.F.R. §§ 404.1527(c) and 416.927(c) or assign weight to

---

[63] *Id.*

[64] *Id.*

[65] *Id.*

[66] *Id.*

[67] *Id.*

[68] *Id.* (citing Social Security Ruling ("SSR") 96-5p).

[69] *Id.* at 7.

the opinion.[70]

Plaintiff objects to the Magistrate Judge's finding that the ALJ gave no weight to the opinion of the SDM.[71] He argues that "while the ALJ stated that he did not accord the opinion any weight, he also found the opinion consistent with the medical evidence, found that Lamonte had the same impairments that the SDM found, and found that those impairments were not severe, as did the SDM."[72] Accordingly, he argues that the ALJ in fact adopted he SDM's conclusions.[73]

Plaintiff objects to the Magistrate Judge's finding regarding credibility.[74] He contends that the ALJ's credibility finding is contrary to law and unsupported by substantial evidence.[75] He argues it was legal error for the ALJ to pick and choose only the evidence that supported his position regarding credibility.[76]

Finally, Plaintiff objects to the Magistrate Judge's finding that any issues regarding the ALJ's errors in evaluation severity are moot.[77] He contends that his severe impairments are lumbar and cervical disc herniations and tears with nerve root effacement, not a severe cervical and lumbar sprain/strain as the ALJ found.[78] He argues that "district courts within the Fifth Circuit have rejected

---

[70] *Id.*

[71] *Id.* at 8.

[72] *Id.*

[73] *Id.* at 9

[74] *Id.*

[75] *Id.*

[76] *Id.* (citing *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000)).

[77] *Id.*

[78] *Id.*

that errors in evaluating severity only require remand when the individual is found not disabled at Step 2."[79] Therefore, he argues "the ALJ's failure to find that Lamonte has the severe impairments established by the MRIs and examinations by Dr. Cefalu, Dr. Vogel, and Dr. Anthon is reversible error."[80]

### B. The Commissioner's Response

The Commissioner did not file a brief in opposition to Plaintiff's objections despite receiving electronic notice of the filing posted on January 30, 2014.

### III. Standard of Review

### A. Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[81] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to." A District Court's review is limited to plain error of parts of the report which are not properly objected to.[82]

### B. Standard of Review of Commissioner's Final Decision on SSI and DIB Benefits

Under 42 U.S.C. § 405(g) the district court has the power to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without

---

[79] *Id.* at 9–10 (citing *Varela v. Astrue*, Civil Action No. 4:11–CV–232–Y, 2012 WL 473761, at *6 and fn. 4–6 (Jan 4, 2012); *Loza v. Apfel*, 219 F.3d 378 (5th Cir. 2000) (adjudicated at Step Five); *Sopsher v. Astrue*, Civil Action No. 07-5590, 2009 WL 982695, at *6 (E.D. La. Feb. 17, 2009) objections to report and recommendation sustained, 2009 WL 982692 (E.D. La. Apr. 8, 2009)).

[80] *Id.*

[81] FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[82] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

remanding the cause for a rehearing."[83] Appellate review of the Commissioner's denial of SSI and

DIB benefits[84] is limited to determining whether the decision is supported by substantial evidence

in the record and whether the proper legal standards were used in evaluating the evidence.[85]

"Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."[86] The Court must

review the whole record to determine if such evidence exists.[87] However, the district court cannot

"reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the

Commissioner's."[88] The ALJ is entitled to make any finding that is supported by substantial

evidence, regardless of whether other conclusions are also permissible.[89] A court "weigh[s] four

elements of proof when determining whether there is substantial evidence of disability: (1) objective

medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's

subjective evidence of pain and disability; and (4) his age, education, and work history."[90]

The Court notes that both Plaintiff and the Commissioner moved for summary judgment.

---

[83] 42 U.S.C. § 405(g).

[84] The relevant law and regulations governing a claim for DIB are identical to those governing a claim for SSI. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1382 n. 3 (5th Cir. 1988).

[85] *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Waters v. Barnhart*, 276 F.3d 716, 716 (5th Cir. 2002); *Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).

[86] *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Perez*, 415 F.3d at 461; *Loza*, 219 F.3d at 393; *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983); *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992)).

[87] *Singletary v. Bowen*, 798 F.2d 818, 822-23 (5th Cir. 1986).

[88] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

[89] *See Arkansas v. Oklahoma*, 503 U.S. 91 (1992).

[90] *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).

The standard of review applicable to such motions requires that a moving party establish that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law.[91] Under 42 U.S.C. § 405(g), however, this Court may examine only the pleadings and the record relied upon by the ALJ. Thus, there cannot generally be a disputed issue of fact before the Court in Social Security appeals.[92] Instead, "[t]he issue is whether the action of the Secretary is supported by the Record."[93] The Fifth Circuit has regularly allowed district courts to rule on Social Security disputes through the summary judgment procedure, when "the district court has adequately reviewed the record and based its judgment on a finding of substantial evidence in the administrative record."[94]

## IV. Law and Analysis

### A. Law Applicable to Qualification for DIB and SSI

To be considered disabled, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[95] The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.[96] The regulations include

---

[91] FED. R. CIV. P. 56(c).

[92] *See Lovett v. Schweiker*, 667 F.2d 1, 2 (5th Cir. 1981).

[93] *Id.* (citing *Igonia v. Califano*, 568 F.2d 1383, 1389 (D.C. Cir. 1977)).

[94] *Id.*; *see also, e.g.*, *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (setting forth both the summary judgment and substantial evidence standards of review).

[95] 42 U.S.C. § 423(d)(1)(A).

[96] 20 C.F.R. §§ 404.1501 to 404.1599 & Apps., §§ 416.901 to 416.998 (2008).

a five-step evaluation process for determining whether an impairment constitutes a disability, and the five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled.[97] The claimant has the burden of proof under the first four parts of the inquiry, and if he successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant is capable of engaging in alternative substantial gainful employment, which is available in the national economy.[98]

In the instant case, the ALJ found that Plaintiff's cervical and lumbar sprain/strain was not "severe" within the meaning of the Act.[99] Alternatively, the ALJ continued the sequential evaluation process noting that even if the alleged impairments were severe, a finding of not disabled would still be required.[100] The ALJ found that even if Plaintiff's lumbar sprain/strain was "severe," it was not an impairment that meets or medically equals the severity of one of the listed impairments under the regulations, and Plaintiff retained the RFC to perform full range medium work.[101] The ALJ concluded that Plaintiff could perform his past relevant work as a lead carpenter and, likely, as a self-employed janitor cleaner.[102] Accordingly, the ALJ concluded that Plaintiff was not disabled.[103] The Court may disturb that finding only if the ALJ lacked "substantial evidence" to support it.[104]

---

[97] *Id.* §§ 404.1520, 416.920; *Perez*, 415 F.3d at 461.

[98] *Perez*, 415 F.3d at 461; *Newton*, 209 F.3d at 453.

[99] Adm. Rec. at 16.

[100] *Id.*

[101] *Id.*

[102] *Id.* at 22.

[103] *Id.* at 23–24.

[104] *See Perez*, 415 F.3d at 461

### B. Were Drs. Cefalu and Vogel Treating Physicians?

Plaintiff objects to the Magistrate Judge's finding that Drs. Cefalu and Vogel were not treating physicians. 20 C.F.R. § 404.1527(c)(2) provides that generally the opinions of treating sources are given more weight "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations. . ." The Magistrate Judge found that Drs. Cefalu and Vogel were not treating sources because there was no longitudinal relationship between Plaintiff and Drs. Cefalu and Vogel. Plaintiff argues that longitudinal relationship is not part of the definition of treating source. However, the Fifth Circuit has found that a doctor is not a treating source where there is no "longitudinal pattern of care."[105]

Plaintiff contends that Dr. Cefalu is a treating source because he treated Plaintiff for four months, performing examinations, reviewing treatment records, prescribing pain medications and muscle relaxants, and reviewing MRIs. As the Magistrate Judge noted, there are no records of Plaintiff's treatment with Dr. Cefalu except the report dated September 22, 2011. The report refers to examinations on July 20, 2011 and September 7, 2011.[106] The report also indicates that Plaintiff "returned to [Dr. Cefalu's] office"on July 27, August 10 and August 24, 2011.[107] Plaintiff reported to Dr. Anthon, his chiropractor, that he went to Dr. Cefalu's office in September, October and

---

[105] *Taylor v. Astrue*, 245 F. App'x 387, 391 (5th Cir. 2007) (citing *Hernandez v. Heckler*, 704 F.2d 857, 860–61 (5th Cir.1983) (affirming ALJ's determination that a doctor who only saw the claimant twice in a 17–month period was not a treating physician)).

[106] Adm. Rec. at 275, 278.

[107] *Id*. at 278.

November 2011.[108] On November 21, 2011, Plaintiff reported to Dr. Anthon that he was no longer seeing Dr. Cefalu.[109] At most, the record demonstrates four months of treatment by Dr. Cefalu from July 20, 2011 through November 2011. However, because there are no notes of treatment it is impossible to tell how many evaluations were performed by Dr. Cefalu. Plaintiff argues that Dr. Vogel is a treating source, even though he only evaluated Plaintiff two times within three weeks because such frequency of evaluation is typical for a surgical evaluation. However, he has presented no authority to support this assertion. Accordingly, on *de novo* review, the Court finds that the record does not present the longitudinal relationship required for consideration of Dr. Cefalu and Dr. Vogel as Plaintiff's treating physicians.

## C. Did the ALJ Substitute his Lay Opinion?

Plaintiff argues that the ALJ substituted his own lay assessment for the physicians' medical expertise. He asserts that the ALJ improperly interpreted the MRIs because the record does not contain the opinion of a physician who reviewed the MRIs and come to conclusions contrary to those of Drs. Cefalu and Vogel.

Plaintiff contends that the ALJ's reliance on his own lay assessment is a legal error that requires reversal. Plaintiff cites *Frank v. Barnhart*, in which the Fifth Circuit noted that the ALJ had drawn medical conclusions from data without relying on an expert opinion.[110] In *Frank*, the ALJ opined that consultative examinations of the claimant "revealed no evidence of atrophy."[111] The Fifth Circuit found that "the ALJ made his own medical conclusions about whether a patient would

---

[108] *Id*. at 302, 305, 307 and 310.

[109] *Id*. at 311.

[110] 326 F.3d 618, 622 (5th Cir. 2003).

[111] *Id.*

show signs of atrophy or muscle tone loss as a result of Frank's alleged impairments."[112] The Fifth Circuit noted that the "Seventh Circuit has, in several cases, warned ALJ's against 'playing doctor' and making their own independent medical assessments."[113] However, the Fifth Circuit declined to reach the merits of this argument noting that even if the ALJ was in error such error was harmless because "the overwhelming factor in the decision was medical evidence from a variety of sources indicating that Frank could indeed hold down her old job as a clerical worker."[114]

In the instant case, the ALJ did rely on medical evidence in determining the severity of Plaintiff's condition. The ALJ noted that x-rays performed shortly after the accident were "completely negative."[115] The ALJ noted that the August 2011 cervical and lumbar MRIs showed "evidence of disc bulging and herniation, but described the findings as 'minimal' dessiccation, with no clear evidence of spinal cord or nerve impingement."[116] The ALJ found that "the objective medical evidence suggests only mild to minimal symptoms and no significant neurological deficits related to the diagnosis of cervical and lumbar sprain/strain."[117] "The ALJ is free to reject the opinion of any physician where the evidence supports a contrary conclusion."[118]

Plaintiff contends that the ALJ failed to consider that Dr. Vogel diagnosed him with "Herniated Cervical Disc vs. Segmental Cervical Instability and Herniated Lumbar Disc vs.

---

[112] *Id.*

[113] *Id.*

[114] *Id.*

[115] Adm. Rec. at 18.

[116] *Id*. at 14, 18.

[117] *Id*. at 15.

[118] *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

Segmental Lumbosacral Instability." However, the ALJ did note that "Dr. Vogel diagnosed the claimant with herniated cervical and lumbar discs versus segmental cervical and lumbar instability, but recommended continued conservative care."[119] Plaintiff also claims that the ALJ failed to consider Drs. Cefalu and Vogel's opinions that Plaintiff could not work. However, the ALJ did consider these opinions.[120] Contrary to Plaintiff's assertion, the ALJ relied on objective medical evidence, namely the records documenting Plaintiff's physical examinations and the August 2011 MRIs, in rejecting the opinions of Drs. Cefalu and Vogel. The ALJ opined that "the objective medical evidence continues to show only mild to minimal mechanical deficits, with no significant neurological symptoms, on repeat physical examinations and mild to minimal signs on August 2011 MRIs."[121] Accordingly, on *de novo* review, the Court finds that there was substantial evidence to support the ALJ's description of the objective medical evidence and his decision to accord no weight to Dr. Cefalu's opinion and little weight to Dr. Vogel's opinion because they were not consistent with the objective medical evidence.

### D. Did the ALJ Fail to Evaluate Dr. Anthon's Opinion

Plaintiff objects to the Magistrate Judge's finding that the ALJ properly evaluated the opinion of his chiropractor, Dr. Anthon. He acknowledges that the ALJ summarized Dr. Anthon's opinion, but he argues that the ALJ did not assign weight to the opinion.

The Fifth Circuit has noted that "the relevant regulations accord less weight to chiropractors than to medical doctors."[122] SSI 06-03p provides that opinions of chiropractors and "other sources

---

[119] Adm. Rec. at 19.

[120] *Id*. at 18–19.

[121] *Id*. at 20.

[122] *Castillo v. Barnhart*, 151 F.App'x 334, 335 (5th Cir. 2005).

cannot establish the existence of a medically determinable impairment . . . [but] may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." The ALJ thoroughly summarized the chiropractor's medical opinion, but he did not state the weight he accorded the opinion. "'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'"[123] If the ALJ erred in failing to state his reasons, the Court must determine whether this error was harmless.[124] The Fifth Circuit has found that an ALJ's failure to articulate the weight afforded to medical opinions is harmless where the opinions confirm those of the other medical experts.[125]

Here, the Court finds any error in the ALJ's failure to state the weight he accorded to the chiropractor's opinion was harmless because the chiropractor's opinion is entitled to less weight than the objective medical evidence upon which the ALJ heavily relied. Accordingly, on *de novo* review, the Court finds Plaintiff's claim that the ALJ did not weigh the opinion of Dr. Anthon without merit.

### E. Did the ALJ Give Weight to the Opinion of the SDM?

Plaintiff objects to the Magistrate Judge's finding that the ALJ gave no weight to the opinion of the SDM. He argues that the ALJ in fact adopted the SDM's conclusions. After thorough consideration of the medical evidence, the ALJ referred to the finding of the SDM. The ALJ stated, "Although the conclusion of the SDM is found to be consistent with the medical evidence, it has

---

[123] *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (citing *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)).

[124] *Id.*

[125] *Hammond v. Barnhart*, 124 F. App'x. 847, 851 (5th Cir. 2005).

been given no weight as it is not a medical source opinion."[126] The SDM's conclusions were the same as the ALJ's conclusions. However, the ALJ specifically stated that he gave no weight to the opinion. Accordingly, on *de novo* review, the Court rejects Plaintiff's argument that the ALJ gave weight to the SDM.

### F. Did the ALJ Improperly Weigh Plaintiff's Credibility?

Plaintiff objects to the Magistrate Judge's finding regarding credibility. He contends that the ALJ's credibility finding is contrary to law and unsupported by substantial evidence. He argues it was legal error for the ALJ to pick and choose only the evidence that supported his position regarding credibility.

SSR 96-7p notes that it is not sufficient for the ALJ to make a single conclusory statement that an "individual's allegations have been considered" or that "the allegations are not credible." The Ruling requires that:

> The . . . decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

As the Magistrate Judge noted, the ALJ provided four specific reasons for the finding of credibility: (1) no objective evidence pointed to Plaintiff's severe complaints; (2) the evidence demonstrated a nomogenic impetus for exaggerating the claims of pain, namely the involvement of a personal injury attorney; (3) Plaintiff's earnings were sporadic; and (4) the lack of more aggressive treatment or evidence of a genuine effort to identify more effective treatment.[127] Accordingly, on *de novo* review, the Court finds that the ALJ's evaluation of Plaintiff's credibility was not contrary to law

---

[126] Adm. Rec. at 21.

[127] *Id*. at 23–24.

and was supported by substantial evidence.

### G. Are the ALJ's Errors in Evaluating Severity Moot?

Finally, Plaintiff objects to the Magistrate Judge's finding that any issues regarding the ALJ's errors in evaluation severity are moot. He argues that "district courts within the Fifth Circuit have rejected that errors in evaluating severity only require remand when the individual is found not disabled at Step 2."[128] In the cases cited by Plaintiff, the ALJ failed to apply the standard for determining severity set forth by the Fifth Circuit in *Stone v. Heckler*, which held that an impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on an individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.[129] In the instant case, the ALJ identified the standard set forth in *Stone*, reviewed the medical evidence and determined that Plaintiff's cervical and lumbar sprain/strain was not expected to cause "any meaningful daily functional limitations."[130] Alternatively, the ALJ found that even if Plaintiff's condition were severe, he is not disabled. Accordingly, on *de novo* review, the Court finds Plaintiff's claim without merit.

## V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation;

---

[128] Rec. Doc. 16-1 at 9–10 (citing *Varela v. Astrue*, Civil Action No. 4:11–CV–232–Y, 2012 WL 473761, at *6 and fn. 4–6 (Jan 4, 2012); *Loza v. Apfel*, 219 F.3d 378 (5th Cir. 2000) (adjudicated at Step Five); *Sopsher v. Astrue*, Civil Action No. 07-5590, 2009 WL 982695, at *6 (E.D. La. Feb. 17, 2009) objections to report and recommendation sustained, 2009 WL 982692 (E.D. La. Apr. 8, 2009)).

[129] 752 F.2d 1099, 1101 (5th Cir. 1985).

[130] Adm. Rec. at 16.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment[131]

is **GRANTED** and that Plaintiff's claims are **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** the Plaintiff's motion for summary judgment[132] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, on this __10th__ day of September, 2014.

_Nannette Jolivette Brown_
**NANNETTE JØLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[131] Rec. Doc. 14.

[132] Rec. Doc. 12.